UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Carlton Lewis,

Plaintiff,

v.

5:24-CV-01354 (GTS/MJK)

The City of Syracuse, *et al.*

Defendants.

Earl S. Ward, Esq., Attorney for Plaintiff
Solomon C. Landsberg, Esq., Asst. Corporation Counsel for Defendants

Mitchell J. Katz, U.S. Magistrate Judge

**MEMORANDUM-DECISION AND ORDER**

Defendants move by Amended Order To Show Cause for: (1) an Order under Fed. R. Civ. P. 45 compelling non-party witness Willie McKee, Jr., an incarcerated individual, to appear for and testify at a deposition following his failure to appear on April 28, 2026 for a scheduled deposition; and (2) a writ of body attachment authorizing the U.S. Marshal Service to take Willie McKee, Jr. into custody for his deposition before this Court. (Dkt. 91). On September 9, 2026, a copy of the Amended Order To Show Cause together the papers on which it was based were served on Willie McKee, Jr. at Upstate Correctional Facility ("Upstate"). (Dkts. 92, 93). Neither Lewis nor Willie McKee, Jr.

responded to the motion despite due and proper service of the Amended Order To Show Cause and supporting papers. (Dkt. 93). For the reasons stated below, Defendants' motion to compel is granted.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this matter which the Court will incorporate in its analysis where necessary.

## II. LEGAL STANDARD

Fed. R. Civ. P. 45 permits a party to command a non-party to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control, or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). "Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26." *Delta Air Lines, Inc. v. Lightstone Group, LLC*, No. 21-MC-374, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021). Parties thus may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, the issuing party "must take reasonable

steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (citation omitted).

## III. DISCUSSION

The Court grants Defendants' motion to compel because: (1) Willie McKee, Jr. was properly served with the subpoena in accordance with Upstate's protocols, (2) the information sought from Willie McKee, Jr. is relevant and proportional to this action, and (3) a good faith effort was made to communicate with non-party witness Willie McKee, Jr. regarding his deposition.

### A. Willie McKee, Jr. was properly served with the subpoena.

Fed. R. Civ. P. 45 governs subpoenas issued to third parties and requires that a subpoena be served by "delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). While "delivering" is not defined in the Federal Rules, "many courts have interpreted this language as requiring personal service." *Sparrow Fund Mgmt. LP v. Mimedx Grp.,*

*Inc.*, No. 18-CV-4921, 2021 WL 2767131, at *1 (S.D.N.Y. July 2, 2021). However, "[t]here is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service." *Kenyon v. Simon & Schuster, Inc.*, No. 16-MC-327 (JFK), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016) (cleaned up). Rather, courts in the Second Circuit have recognized "the reasoning of a growing number of courts that have held that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness rather than personal service." *Simmons v. Fervent Elec. Corp.*, No. 14-CV-1804, 2016 WL 3661274, at *1 (S.D.N.Y. Oct. 11, 2016) (collecting cases)

Alternative service methods—such as service by certified mail, regular mail, and email—will be permitted where such service "reasonably insures actual receipt of the subpoena by the witness" and "comports with due process" insofar as it is "reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections." *See JPMorgan Chase Bank, N.A.*, 2009 U.S. Dist. LEXIS 39714, 2009 WL 1313259, at *3 (quoting *Cordius Trust*, 2000 WL 10268, at *2).

The declaration of Solomon C. Landsberg, Esq. ("Landsberg Decl.," Dkt. 89-1) submitted by Defendants in support of their motion establishes that Willie McKee, Jr. was properly served with the subpoena for his April 28, 2026 deposition (Dkt. 89-7).[1] On April 8, 2026, and pursuant to instructions from Upstate (where Willie McKee, Jr. was housed at the time), Defendants mailed a copy of the subpoena to Upstate with his Department Identification Number ("DIN"). (Landsberg Decl., Dkt. 89-1, ¶ 11). That same day, a copy of the subpoena served on Willie McKee, Jr. was also forwarded to Upstate via electronic mail. (Landsberg Decl., Dkt. 89-1, Exhibit "G", Dkt. 89-8). Before scheduling Willie McKee, Jr.'s deposition, Defendants were informed on April 10, 2026 that DOCCS' counsel required an Order to Produce. (Landsberg Decl., Dkt. 89-1, Exhibit "G", Dkt. 89-8). On April 17, 2026, the Court granted Defendants' request to produce Willie McKee, Jr. and issued a Judicial Subpoena for him to appear for a deposition on April 28, 2026. (Dkts. 65, 66). That same day, Defendants sent Upstate a copy of the Court's April 17, 2026 Order and Judicial

[1] The Court notes that Defendants have not submitted a copy of the certificate of service of the subpoena. However, the Landsberg Declaration together with the exhibits attached thereto as well as Attorney Hurtado's August 10, 2026 letter (Dkt. 85) demonstrate due and proper service of the subpoena on Willie McKee, Jr.

Subpoena. (Landsberg Decl., Dkt. 89-1, Exhibit "G", Dkt. 89-8). A Microsoft Teams link for Willie McKee, Jr.'s deposition was shared by Defendants' counsel with the appropriate personnel at Upstate. (Landsberg Decl., Dkt. 89-1, ¶ 17, Exhibit "I", Dkt. 89-10). At 10:00 a.m. on April 28, 2006, counsel for the parties entered the remote deposition via the Microsoft Teams link. (Landsberg Decl., Dkt. 89-1,¶ 18). Soon thereafter, counsel for the parties were advised by personnel at Upstate that Willie McKee, Jr. refused to appear. (Landsberg Decl., Dkt. 89-1, ¶ 19). Willie McKee Jr.'s refusal was documented in a signed Refusal/Waiver Of Right To Be Physically Present At Court. (Dkt. 89-11). On May 14, 2026, Defendants filed a motion to compel Willie McKee Jr.'s appearance because of his non-compliance (Dkt. 67) which the Court denied without prejudice (Dkt. 75) so that counsel could be appointed for him for the limited purpose of representing him at the deposition (Dkts. 72, 77). By letter dated August 10, 2026, Attorney Hurtado, who was appointed to represent Willie McKee Jr., documented his unsuccessful efforts to obtain his compliance with the subpoena. (Dkt. 85).

The Court is satisfied that service of the subpoena was effectuated consistent with directions Defendants received from personnel at Upstate to ensure Willie McKee, Jr.'s actual receipt of the same. Willie McKee, Jr. received the subpoena and was on notice of his obligation to appear for a deposition on April 28, 2026 at 10:00 a.m. at Upstate where he was housed. The first class mailing on April 8, 2026, coupled with service of the Amended Order To Show Cause, electronic transmissions to Upstate, and Attorney Hurtado's efforts to communicate with Willie McKee, Jr. support this conclusion.

### B. The information Defendants seek is relevant and proportional.[2]

"The party seeking discovery from a non-party under Rule 45 bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Athalonz, LLC v. Under Armour, Inc.*, No. 24-MC-47, 2024 WL 1555685,

---

[2] Defendants' caption states "Mr. McKee's Deposition is Both Material and Relevant for Defendants Case." Material and relevant is no longer the operative standard under Fed. R. Civ. P. 26. The operative standard is "relevant and proportional." Defendants are encouraged to apprise themselves of amendment to the Federal Rules of Civil Procedure.

at *3 (S.D.N.Y. Apr. 10, 2024) (internal quotation marks omitted and alterations adopted).

Here, Willie McKee, Jr. was identified by Lewis in his Rule 26 disclosure as an "individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(1). Specifically, Lewis's mandatory Rule 26 disclosures state that:

> Willie McKee Jr. has first-hand knowledge of the investigative and interrogation techniques utilized by employees of the City of Syracuse Police Department during the investigation into the murder of Cheryl Coleman, including first-hand knowledge of the manufacturing of statements used to prosecute Plaintiff.

(Landsberg Decl., Dkt. 89-1, Exhibit "A," Dkt. 89-2). Based on the Rule 26 disclosures, the Court finds that Willie McKee, Jr. may have information relevant and proportional to the claims and defenses in this action. This finding having been made, the burden shifts to Lewis and Willie McKee, Jr., to show that the information sought is either privileged or burdensome. *See Athalonz, LLC v. Under Armour, Inc.*, 2024 WL 1555685, at *3. Neither Lewis nor Willie McKee, Jr. can make this showing. As for Lewis, he has not opposed Defendants' motion beyond requesting that counsel be appointed for Willie McKee, Jr. who himself has not opposed the motion to compel or otherwise moved under

Fed. R. Civ. P. 45 to quash the subpoena. The Court therefore concludes that this factor weighs in favor of granting the requested relief.

### C. A good faith effort was made to obtain Mr. McKee's compliance with the subpoena.

The Court finds that Willie McKee, Jr. has failed to comply with the subpoena despite best efforts to obtain his compliance. As noted, the Court appointed Attorney Hurtado for the sole purpose of representing Willie McKee, Jr. at his deposition. (Dkts. 72, 75). And despite Attorney Hurtado's documented efforts to communicate with Willie McKee, Jr. and secure his participation in a deposition, he was unsuccessful. (Dkt. 85). It was not until after all efforts were exhausted were Defendants granted leave to file the instant motion. (Dkt. 86). The Court therefore finds this factor favors granting Defendants' motion to compel.

## IV. CONCLUSION

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED**, that Defendants' motion to compel Willie McKee, Jr.'s deposition is **GRANTED**, and it is hereby further

**ORDERED**, that the United States Marshal in and for the Northern District of New York or his deputy shall take into custody the person of Willie McKee, Jr. and hold him until such time as the Court

can schedule a date for him to appear in this courthouse for the taking of his deposition; and the Court further

**ORDERS** that, upon taking Willie McKee, Jr. into custody, the United States Marshal or his deputy shall, as soon as possible, notify the Court of same.

**WILLIE MCKEE, JR. IS WARNED THAT HIS FAILURE TO RESPOND TO THE COURT'S ORDER OR PARTICIPATE IN HIS DEPOSITION MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

October 5, 2026.

Digitally signed by Mitchell J Katz
Date: 2026.10.05 09:35:19 -04'00'

Hon. Mitchell J. Katz
U.S. Magistrate Judge